UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PACIFIC CHEESE CO., INC., a California corporation, and LAKE VALLEY PROPERTIES LLC, a Nevada limited liability company, | 3:15-CV-00351-LRH-VPC |
| Plaintiffs, | |
| v. | ORDER |
| ADVANCED COIL TECHNOLOGY, LLC, a Minnesota limited liability company; PHOENIX HOLDINGS OF OWATONNA, INC., a Minnesota corporation; KRACK CORPORATION, an Illinois corporation; HUSSMANN CORPORATION, a Missouri corporation; and WEATHER-RITE, LLC d/b/a PHOENIX AIR SYSTEMS, a Delaware limited liability company; | |
| Defendants. | |

Before the Court is Defendant Weather-Rite, LLC's ("Weather-Rite") Motion to Dismiss Pursuant to Federal Rule 12(c). Doc. #25.[1] Defendants Advanced Coil Technology, LLC and Phoenix Holdings of Owatonna (collectively "Advanced Coil") filed an opposition (Doc. #34), to which Weather-Rite replied (Doc. #39).

**I. Factual Background**

This dispute concerns a fire that occurred at a Pacific Cheese factory in Washoe County, Nevada. Between November 2004 and February 2006, Pacific Cheese obtained a Phoenix Air Systems direct fire air handler ("air handler") to install as part of the HVAC system serving their

---

[1] Refers to the Court's docket number.

1

processing rooms. The air handler was manufactured by Phoenix Air Systems. On October 3, 2007, Weather-Rite entered into a purchase agreement with Phoenix Air Systems to buy certain assets. On November 5, 2007, Phoenix Air Systems changed its name to Advanced Coil Technology. On July 9, 2014 a fire occurred at Pacific Cheese's factory. Plaintiffs state that this fire was caused by a defective air handler. Plaintiffs filed their complaint on July 7, 2015. Doc. #1. Their sole claim against Weather-Rite was for successor liability based on the asset purchase from Advanced Coil, the original manufacturer of the air handler. On September 2, 2015, Weather-Rite filed its answer and cross-claims against all defendants for indemnity and/or contribution. Doc. #21. On September 10, 2015, Weather-Rite filed a Motion to Dismiss Pursuant to Rule 12(c). Doc. #25. Advanced Coil filed a response in opposition on October 12, 2015. Doc. #34. On October 20, 2015, Plaintiffs filed a stipulation stating that they were offering no response to Weather-Rite's motion seeking dismissal of the Complaint as to Weather-Rite with prejudice. Doc. #38. Weather-Rite filed its reply on October 21, 2015. Doc. #39.

**II. Legal Standard**

When an answer is filed before a motion to dismiss is filed, the latter then becomes a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Nevertheless, the standard by which a court evaluates a motion for judgment on the pleadings for failure to state a claim is the same as that by which a court evaluates a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chem. Co*., 845 F.2d 802, 810 (9th Cir. 1988).

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr*., 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id*. at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. Id. (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Additionally, when considering a motion for judgment on the pleadings, a court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion ... into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003); *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir.1999). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201. The court may take judicial notice of matters of public record or of documents whose contents are alleged in the complaint and whose authenticity is not questioned. *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir.2001). Further, "[w]hen considering a judgment on the pleadings, a court should not blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed." *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989, *amended on other grounds*, 275 F.3d 1187 (9th Cir.2001); *In re Silicon Graphics Inc. Securities Litig.*, 183 F.3d 970, 986 (9th Cir.1999); *Heliotrope*, 189 F.3d at 981 n. 18).

**III. Discussion**

Weather-Rite argues that it is not subject to successor liability, while Advanced Coil argues that Weather-Rite is subject to implied successor liability.

As a preliminary matter, Nevada law applies to the issue of successor liability. Nevada follows the Second Restatement regarding choice of law in tort and contract cases. *Gen. Motors Corp. v. Eighth Judicial Dist. Court of State of Nev. ex rel. Cnty. of Clark*, 134 P.3d 111, 116 (Nev.2006); *Progressive Gulf Ins. Co. v. Faehnrich*, 327 P.3d 1061, 1063 (Nev.2014). The Second Restatement states that the rights and liabilities of the parties "are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties." Restatement (Second) of Conflict of Laws § 145 (1971). Here, the product in question was shipped to Pacific Cheese in Reno, Nevada, the location of Pacific Cheese's factory and the place where the fire occurred. Additionally, Advanced Coil does not dispute that Nevada law is applicable to the issue of successor liability.

"Under traditional rules of successor liability, asset purchasers are not liable as successors unless one of the following four exceptions applies: (1) The purchasing corporation expressly or impliedly agrees to assume the liability; (2) The transaction amounts to a 'de-facto'

4

consolidation or merger; (3) The purchasing corporation is merely a continuation of the selling corporation; or (4) The transaction was fraudulently entered into in order to escape liability." *Louisiana–Pac. Corp. v. Asarco, Inc.*, 909 F.2d 1260, 1263 (9th Cir.1990), *overruling recognized by A.O. Smith Corp. v. Rheem Mfg. Co.*, 134 F.3d 376 (9th Cir.1998); *accord Vill. Builders 96, L.P. v. U.S. Labs., Inc.*, 121 Nev. 261, 269, 112 P.3d 1082, 1087 (2005); *Pancratz v. Monsanto Co.*, 547 N.W.2d 198, 200 (Iowa 1996).

Weather-Rite does not fall into any of the exceptions here. As to the first factor, in their Complaint, Plaintiffs state that "[a]s part of the sale, upon information and belief, Weather-Rite assumed certain liabilities and obligations of Advanced Coil associated with the Phoenix System products, including the subject Air Handler." However, this is contradicted by the asset agreement[2] itself. The asset purchase agreement expressly and unambiguously disclaims any successor liability, stating "Buyer specifically disclaims assumption of any liabilities or obligations with respect to patent or other intellectual property infringement, negligence, strict liability, product liability or warranty claims asserted with regard to Products sold or manufactured by Seller prior to the Closing Date." Doc. #21 Ex.1. Thus, there is no basis for Plaintiffs to assert successor liability against Weather-Rite on the grounds that this liability was assumed under the terms of the asset purchase agreement.

Advanced Coil alleges that the well-pleaded facts in Plaintiffs' Complaint support a claim of implicit successor liability against Weather-Rite based on ongoing service. However, the Complaint does not allege that Weather-Rite provided any servicing of the air handler at issue in this lawsuit, only stating that "Weather-Rite continued to operate the business of designing, selling, installing, and servicing Phoenix Air System air handlers." Doc. #1. Additionally, the fact that Advanced Coil learned of the fire from Weather-Rite after Weather-Rite attended an inspection of the fire scene is simply not enough to suggest an ongoing relationship or that

---

[2] "When considering a judgment on the pleadings, a court should not blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed." *Yang*, 250 F. App'x at 772. The asset purchase agreement and its alleged terms are referenced in Plaintiffs' Complaint at several points, making it appropriate to consider. Doc. #1 at ¶14 and ¶¶161-62.

Weather-Rite impliedly agreed to assume the liability, especially where no ongoing relationship is alleged by the Plaintiffs.  Doc. #34 Ex. 1.

Second, it is clear there has been no de-facto consolidation or merger.  "To determine whether there has been a de facto merger, courts apply a four-factor test and consider: (1) whether there is a continuation of the enterprise, (2) whether there is a continuity of shareholders, (3) whether the seller corporation ceased its ordinary business operations, and (4) whether the purchasing corporation assumed the seller's obligations."  *Vill. Builders 96*, 112 P.3d at 1087.  Here, the asset agreement demonstrates that Weather-Rite paid cash for the assets, and the selling company, Phoenix Air Systems, LLC, retained "all assets and properties not sold" including its Advanced Coil Technology product line.  Doc. #21 Ex. 1.  Moreover, on November 5, 2007, a month after the completion of the asset purchase, Phoenix Air Systems, LLC changed its name to Advanced Coil Technology, LLC, a company that is still in existence today and a party to this lawsuit.[3]  Thus, the factors weigh strongly against finding a de-facto consolidation or merger.

Additionally, in their Complaint, Plaintiff's state that "Weather-Rite is now a mere continuation of Advanced Coil with respect to the designing, selling, installing, and servicing [of] Phoenix Air System air handlers."  However, for the mere continuation exception to apply, a plaintiff must show "(1) only one corporation remains after the transfer of assets; and (2) there is an identity of stock, stockholders, and directors between the two corporations."  *Vill. Builders*, 112 P.3d at 1090–91.  Here, it clear that both Weather-Rite and Advanced Coil remained in existence after the transfer of assets was complete.

Finally, there are no facts alleged in the Complaint to support the idea that the transaction was fraudulently entered into to escape liability.

Because Weather-Rite did not assume any successor liability from Advanced Coil, Plaintiffs claim against Weather-Rite for successor liability cannot stand.

---

[3] A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201.  This includes matter of public record.  *Lee*, 250 F.3d at 688–89.  The Court takes judicial notice of the Amendment of Articles of Organization for a Limited Liability Company because it is a public record.  Doc. #25 Ex. A.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Weather-Rite's Motion to Dismiss Pursuant to Federal Rule 12(c) (Doc. #25) is GRANTED.  Plaintiffs' fourteenth cause of action against defendant Weather-Rite shall be DISMISSED with prejudice.

IT IS FURTHER ORDERED that defendant Weather-Rite is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that defendant Weather-Rite's cross-claims (Doc. #21) are DISMISSED as moot.

IT IS SO ORDERED.

DATED this 24th day of November 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE