**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of PACIFIC CHEESE CO. INC., and LAKE VALLEY PROPERTIES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ADVANCED COIL TECHNOLOGY, LLC, PHOENIX HOLDINGS OF OWATONNA, INC., HUSSMANN CORPORATION, individually and as successor in interest to Krack Corporation, BRIGGS ELECTRONIC, INC., RAY HEATING PRODUCTS, INC., dba RHP MECHANICAL SYSTEMS,<br><br>    Defendants. | 3:15-cv-00351-HDM-VPC<br><br>ORDER |

  Defendants Advanced Coil Technology, LLC and Phoenix Holdings of Owatonna, Inc. (collectively "ACT defendants") have filed a motion for determination of good faith settlement (ECF No. 202), which they move to file under seal (ECF No. 201). Plaintiff and Hussmann Corporation ("Hussmann") have filed their responses to the motion under seal. (ECF Nos. 214 & 215).

  The ACT defendants assert that the financial condition of

1

Advanced Coil, which is a factor in the good faith settlement determination, should be protected from public disclosure because "Advanced Coil is a small privately-owned company, which operates in a competitive, niche market" and it would suffer "irreparable harm and severe prejudice" if its financial information were made known to its competitors. Plaintiff does not oppose the motion to seal (ECF No. 205).

The public has a "general right . . . to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). The court must weigh relevant factors, including "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets," in deciding a motion to seal. *Id.* at 679 n.6 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The court is persuaded that information regarding Advanced Coil's financial condition could be used for an improper purpose and that to the extent, but only to the extent, the motion for good faith determination discusses such information the motion should be sealed. However, the vast majority of the information Advanced Coil seeks to seal does not relate to or discuss Advanced Coil's financial condition. That information should not be sealed.

Accordingly, the motion for leave to file under seal (ECF No. 201) is **GRANTED IN PART**. The motion filed on September 28, 2017, plaintiff's response filed on October 11, 2017, and Hussmann's response filed on October 12, 2017, may remain under seal. However, unsealed copies of the motion for determination of good faith settlement and the responses that redact all information pertaining to Advanced Coil's financial condition shall be filed no later than October 17, 2017. Any and all responses and replies to the ACT defendants' motion for good faith settlement determination shall not be filed under seal except as to the information that discusses Advanced Coil's financial condition, which shall be filed under seal.

IT IS SO ORDERED.

DATED: This 12th day of October, 2017.

_____
UNITED STATES DISTRICT JUDGE