UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PACIFIC CHEESE CO., INC, *et al.*, | Case No. 3:15-cv-00351-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| ADVANCED COIL TECHNOLOGY, LLC, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

The parties to this diversity action are attempting to establish who is responsible—and to what extent—for a fire in a cheese processing facility in Reno, Nevada, which began inside a large piece of heating and cooling equipment and caused substantial damage. Before the Court are Plaintiff Travelers Property Casualty Company of America as Subrogee of Pacific Cheese Co. Inc. and Lake Valley Properties LLC's motion for leave to file a fourth amended complaint ("Motion"), to drop certain claims against Defendant Hussman Corporation and parties with whom Plaintiff has settled (ECF No. 327),[1] and Hussman's motion to stay the case pending the outcome of its petition for a writ of mandamus ("Motion to Stay") (ECF No. 335).[2] As explained below, the Court will grant Plaintiff's Motion because it will streamline the issues for trial and will not unduly prejudice Hussman. Further, the Court will deny Hussman's Motion to Stay this close to trial because Hussman is unlikely to prevail on its petition, or be prejudiced

---

[1]The Court has also reviewed Hussman's response (ECF No. 340), and Plaintiff's reply (ECF No. 344). Defendant Ray Heating Products, Inc. ("RHP") did not file a response to Plaintiff's motion, and the response deadline has passed.

[2]The Court has also reviewed Plaintiff's response (ECF No. 339), and Hussman's reply (ECF No. 343).

by this case going to trial in any way that could not be remedied later if the Ninth Circuit Court of Appeals were to grant Hussman the relief it seeks.

**II.     BACKGROUND**

The Court refers to its prior order on two motions for summary judgment and related motions in which it recited the factual background of this case. (ECF No. 299 at 2-5.) This case is currently set for trial on April 23, 2019. (ECF No. 318.)

As relevant to Plaintiff's Motion, Plaintiff has already settled its claims against several entities involved in the design, manufacture, installation, or maintenance of the heating and cooling unit where the fire started in the cheese processing facility. Thus, Plaintiff seeks the Court's leave to file an amended complaint in part to remove Advanced Coil Technology, LLC, Phoenix Holdings of Owatonna, Inc., and Briggs Electric, Inc. from its Complaint. (ECF No. 327 at 1.) Only Defendants Hussman and RHP remain in this case. Further, Plaintiff also seeks the Court's leave to file an amended complaint in part to drop its negligence and breach of warranty claims against Hussman. (*Id.*) In its proposed fourth amended complaint, Plaintiff's only claim against Hussman is for products liability. (ECF No. 327-2 at 9-10.) Plaintiff states it does not seek permission to add any factual detail or new causes of action to its Complaint. (ECF No. 327 at 2.) Plaintiff further represents that—were the Court to permit it to file its proposed amended complaint—it is voluntarily dismissing its negligence and breach of warranty claims against Hussman with prejudice. (*Id.* at 1, 2, 5.)

Regarding Hussman's Motion to Stay, the Court had denied Hussman's motion for partial summary judgment that its damages exposure in this case should be capped at $139,402 based on the purported terms of an allegedly applicable contract. (ECF No. 206; ECF No. 299 at 10-13.) Some four months later, Hussman filed a petition for a writ of mandamus from the Ninth Circuit. (ECF No. 323.) Hussman's presumed hope in filing the petition for a writ of mandamus is that the Ninth Circuit will issue an order directing this Court to enter an order that Hussman's damages exposure in this case is capped at $139,402. Said otherwise, Hussman appealed this Court's order denying its motion for

partial summary judgment. (ECF No. 299.) As of the date of entry of this order, the Ninth Circuit has not ordered a response to Hussman's petition, or otherwise indicated whether or how it will rule on Hussman's petition.

### III. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 327)

The Court will grant Plaintiff's Motion because it will streamline the issues at trial, and will not unduly prejudice Hussman. To start, the Court notes that Plaintiff's Motion is somewhat unusual because while styled as a motion for leave to file an amended complaint, it is effectively a request to voluntarily dismiss its claims against certain parties, and two of its three causes of action against Hussman, with prejudice. (ECF No. 327 at 1, 2, 5.) Thus, the Court could analyze Plaintiff's motion under Fed. R. Civ. P. 15(a)(2) (governing amendment) or Fed. R. Civ. P. 41(a)(2) (governing voluntary dismissal).

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, "[u]ndue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (*citing Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001)).

But construing Plaintiff's motion as one for voluntary dismissal brings it within the purview of Fed. R. Civ. P. 41(a)(2). "Generally, motions filed under Fed. R. Civ. P. 41(a)(2) should be liberally granted, as long as no other party is prejudiced." *Watson v.*

*Clark*, 716 F. Supp. 1354, 1355 (D. Nev. 1989), *aff'd*, 909 F.2d 1490 (9th Cir. 1990) (citation omitted). This decision is also committed to the district court's discretion. *See id.* While the Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal, plain legal prejudice does not result simply when the plaintiff "merely gains some tactical advantage." *Id.* (citation omitted). "Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Id.* (citation omitted).

However, the analyses of motions brought under either of these rules share common elements, namely: (1) a presumption they should be liberally granted when justice so requires; unless (2) the defendant who opposes the motion would be unduly prejudiced. *Compare Leadsinger*, 512 F.3d at 532 (discussing Rule 15) *with Watson*, 716 F. Supp. at 1355-56 (discussing Rule 41). Further, the Court conducts all of its analyses under the Federal Rules of Civil Procedure in line with the mandate in Rule 1 providing that "[t]hey should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Applying this balancing test of the liberal presumption in favor of granting Plaintiff's Motion against any prejudice Defendant would suffer in light of the mandate in Rule 1, the Court finds that good cause exists to grant Plaintiff's Motion. First, granting Plaintiff's Motion will streamline the issues for trial, reducing Plaintiff's causes of action from effectively five to effectively three. It will also reduce the number of claims and the amount of evidence the jury will have to consider. Thus, granting Plaintiff's motion serves the efficiency interests promoted by Rule 1. Second, granting Plaintiff's motion will reduce Hussman's burden at trial because it will only have to defend against one, rather than three, causes of action. That simplification will presumably lead to decreased trial preparation expenses, and necessitate the calling of fewer witnesses. The Court further notes that Plaintiff represents it is dismissing two of its three causes of action against

Hussman with prejudice, which negates any risk that Hussman would have to again defend against the same causes of action in the future. (ECF No. 327 at 1, 2, 5.)

In opposing Plaintiff's Motion, Hussman points to a decreased ability to get evidence in front of the jury regarding Plaintiff's comparative negligence in causing the fire in the cheese factory as the primary prejudice it will suffer were the Court to grant Plaintiff's Motion. (ECF No. 340 at 4, 5-8.) But this is not a permissible form of prejudice, at least with respect to Plaintiff's products liability cause of action, because Plaintiff's comparative negligence is not relevant to products liability. In other words, Hussman seems to argue it deserves to get prejudicial, irrelevant evidence that would otherwise be inadmissible under Fed. R. Evid. 403 in front of the jury, and that it would suffer prejudice if that opportunity is removed by the granting of Plaintiff's Motion. The Court rejects Hussman's argument.[3] Further, at least under the Rule 41 framework, any tactical advantage Plaintiff may gain in being permitted to amend its complaint does not legally prejudice Hussman. *See, e.g.*, *Watson*, 716 F. Supp. at 1355 (stating in the Rule 41 context that legal prejudice does not result simply when the plaintiff "merely gains some tactical advantage.") In addition, Plaintiff's alleged delay in bringing its motion for leave to amend its complaint (ECF No. 340 at 5) is not determinative, and the Court finds it does not change its analysis here. *See, e.g.*, *United Healthcare*, 848 F.3d at 1184 (stating in the Rule 15 context that "[u]ndue delay by itself is insufficient to justify denying leave to amend.").

In sum, because it will streamline the issues for trial without unduly prejudicing Hussman, the Court will grant Plaintiff's motion for leave to file an amended complaint.

**IV.    MOTION TO STAY (ECF NO. 335)**

Hussman has asked the Court to stay this case and indefinitely delay the pending trial until the Ninth Circuit has weighed in on Hussman's petition for a writ of mandamus

---

[3]The Court also notes some of the evidence may come in anyway because Plaintiff continues to assert a negligence cause of action against RHP. (ECF No. 327-2 at 11-13.)

effectively seeking a reversal of this Court's prior denial of Hussman's motion for partial summary judgment. (ECF No. 335.) Hussman more specifically argues it has a strong likelihood of success on the merits of its petition, it will be prejudiced if the Court does not grant a stay, that Hussman's petition would be moot if this Court does not stay the case, and that Plaintiff will not be unduly prejudiced if the Court were to grant a stay. (ECF Nos. 335, 343.) Plaintiff counters that Hussman is unlikely to prevail on the merits of its petition, the Ninth Circuit has not yet given any indication it will even order a response to Hussman's petition, Hussman would not be irreparably harmed were the Court to deny Hussman's motion to stay—and Plaintiff would be prejudiced in that event because Plaintiff wants to go to trial without further delay. (ECF No. 339.) Neither party disputes this decision is well within the Court's discretion. (ECF Nos. 339 at 5, 343 at 4.) The Court agrees with Plaintiff.

A district court has discretionary power to stay proceedings in its own court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (regarding a stay pending appeal). A court must consider four factors in evaluating whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434. "The first two factors of the traditional standard are the most critical." *Id.*

First, the Court disagrees with Hussman it is likely to prevail on the merits of its petition. Thus, this factor weighs in favor of denying Hussman's motion. Having reexamined its prior order denying Hussman's motion for partial summary judgment, the Court is unpersuaded by Hussman arguments, which the Court already rejected, as to its likelihood of success on the merits. (ECF No. 299.) Further, the Court assigns some weight to the fact that the Ninth Circuit has not ordered a response to Hussman's petition at this time. The Ninth Circuit is very unlikely to grant Hussman's petition before first

ordering a response. *See* Ninth Circuit FRAP 21(b)(1), http://cdn.ca9.uscourts.gov/datastore/uploads/rules/rules.htm#pID0E06KB0HA. Thus, the current information before the Court suggests that the Ninth Circuit will either deny or not consider Hussman's petition. In addition, with trial less than two months away, it is extremely unlikely the Ninth Circuit would rule on Hussman's petition before this case goes to trial.

Second, the Court is not convinced that Hussman will be irreparably injured by the Court's denial of its Motion to Stay. Therefore, this factor also weighs in favor of denying Hussman's motion. On the one hand, it is possible that the jury will find in Hussman's favor at trial, awarding no damages to Plaintiff against Hussman, which would moot Hussman's petition. On the other hand, were Hussman to lose at trial and the Ninth Circuit were to grant its petition, the Court sees no obstacle to retroactively reducing the damages Hussman is ordered to pay to Hussman's proposed $139,402 cap. And even if the Ninth Circuit were to cap Hussman's potential damages exposure at $139,402, the jury in this case could still award some amount less than that, so the trial would not be unnecessary in that event. Further, the Court is not persuaded by Hussman's argument that the mere fact of going to—and preparing for—trial constitutes irreparable injury to Hussman. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").

Third, the Court assigns some weight to Plaintiff's allegation it would be prejudiced by further delaying trial in this case. (ECF No. 339 at 12.) This case has been pending for over three years. The mandate of Rule 1—and the third *Nken* factor—also weigh slightly in favor of bringing this case to a resolution.

Fourth, the public interest favors the expeditious resolution of cases on their merits. *See, e.g.*, *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (stating in the context of when a court may dismiss a case for lack of prosecution that the public

1 interest favors the expeditious resolution of litigation, and the disposition of cases on their merits). Thus, this factor also weighs slightly in favor of denying Hussman's motion.

In sum, the Court will deny Hussman's Motion to Stay primarily because the Court is unpersuaded Hussman will prevail at the Ninth Circuit, and unpersuaded that proceeding to trial will irreparably injure Hussman.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for leave to file a fourth amended complaint (ECF No. 327) is granted.

It is further ordered that Defendant Hussman Corporation's motion to stay this case (ECF No. 335) is denied.

DATED THIS 6th day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE