UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PACIFIC CHEESE CO., INC, *et al.*, | Case No. 3:15-cv-00351-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| ADVANCED COIL TECHNOLOGY, LLC, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

The parties to this diversity action are attempting to establish who is responsible—and to what extent—for a fire in a cheese processing facility in Reno, Nevada, which began inside a large piece of heating and cooling equipment (the "Air Handler"), and caused substantial damage. Before the Court are Defendant Ray Heating Products, Inc.'s ("RHP") motion for good faith settlement with Plaintiff Travelers Property Casualty Company of America as Subrogee of Pacific Cheese Co. Inc. and Lake Valley Properties, LLC ("Motion"), and Plaintiff's joinder to that Motion.[1] (ECF Nos. 355, 362.) The Court held a hearing on the Motion on April 2, 2019 (the "Hearing"). (ECF No. 368.) As explained below, the Court will grant the Motion primarily because Plaintiff's claims against RHP are weak, which necessarily means Hussman's potential claim for contribution or equitable indemnity against RHP is also weak.

///

///

---

[1] Defendant Hussman Corporation opposes the Motion (ECF No. 365), and both RHP and Plaintiff filed replies (ECF No. 366, 367).

## II. BACKGROUND

The Court refers to its prior order on two motions for summary judgment and related motions in which it recited the factual background of this case. (ECF No. 299 at 2-5.) The Court will not recite those background facts here. This case is currently set for trial on April 23, 2019. (ECF No. 318.)

As relevant to the Motion, Plaintiff has already settled its claims against several entities involved in the design, manufacture, installation, or maintenance of the Air Handler where the fire started in the cheese processing facility. Only Defendants Hussman and RHP remain in this case. Now, RHP has agreed to settle with Plaintiff for $150,000, and seeks the Court's approval that its settlement is made in good faith pursuant to NRS § 17.245. (ECF No. 355.) Plaintiff's counsel stated at the Hearing that the settlement between Plaintiff and RHP is contingent on the Court granting the Motion.

## III. LEGAL STANDARD

In Nevada, it is within the Court's considerable discretion—considering the relevant facts available—to determine whether a settlement was made in good faith under NRS § 17.245. *See Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991). Where a defendant settles with a plaintiff in good faith, it cannot be held liable to its codefendants for contribution or equitable indemnity. *See Otak Nev., LLC v. Eight Jud. Dist. Ct.*, 312 P.3d 491, 496 (Nev. 2013) (referencing NRS § 17.245(1)(b)). This result is inherent in NRS § 17.245's goal to "encourage settlements." *In Re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 926 (D. Nev. 1983)

The following factors are relevant to the Court's good faith determination: "[t]he amount paid in settlement, the allocation of the settlement among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *Id.* at 927-28 (citation omitted). The Court may also consider "the merits of any contribution or equitable indemnity claims against the settling defendant." *Otak*, 312 P.3d at 496 (citation omitted). Moreover, the Court is not limited to

these factors in making its discretionary determination. *See Velsicol Chem.*, 811 P.2d at 563 (declining to adopt the "California rule" mandating consideration of specific factors). In the process of the Court's determination, "[a] non-settling party is fully protected by its ability to present counter-affidavits or evidence at a hearing on the issue of 'good faith.'" *In Re MGM Grand Hotel Fire Litigation*, 570 F. Supp. at 927.

**IV.　DISCUSSION**

Having considered the relevant factors, the Court finds that Plaintiff settled with RHP in good faith. Among these factors, the Court places significant weight on the substantive weakness of Plaintiff's negligence claim against RHP, and, by implication, Hussman's potential claim against RHP for contribution or equitable indemnity. *See Otak*, 312 P.3d at 497 ("[B]ecause a defendant with minimal liability to the plaintiff will also have minimal liability for contribution or equitable indemnity to co-defendants, permitting a smaller settlement does not prejudice the nonsettling defendants.").

To start, Hussman does not argue (ECF No. 365 at 14) that Plaintiff's settlement with RHP evidences "the existence of collusion[.]" *In Re MGM Grand Hotel Fire Litigation*, 570 F. Supp. at 927. Thus, that factor is irrelevant to the Court's analysis here. Second, the allocation of the settlement factor is also irrelevant here because all settlement proceeds are going to Plaintiff—and the Court is unpersuaded by Hussman's conclusory argument to the contrary. (ECF Nos. 355 at 8, 366 at 14, 366 at 5.) Third, the financial condition and insurance policy limit factors weigh against finding Plaintiff and RHP settled in good faith because RHP agreed to settle for $150,000, which RHP concedes does not impose a significant financial burden on it because it has up to $11 million in insurance money available if need be. (ECF No. 355 at 8.) *But see Otak*, 312 P.3d at 497 ("And we have declined to treat insurance policy limits as exclusive criteria in determining whether a settlement is in good faith.") Thus, not all of the relevant factors weigh in favor of the Court finding that RHP settled in good faith, or at least are not useful to the Court in making this determination.

But the related factors of the amount RHP agreed to pay and the strength of Hussman's potential contribution or equitable indemnity claim against RHP—which both turn on evidence of RHP's technician Paul Carbone's negligence—weigh in favor of the Court concluding RHP settled in good faith. The parties appeared to agree at the Hearing that Mr. Carbone misdiagnosed the problem with the Air Handler that caused the fire, thinking he had adjusted the air proving switch to remediate the issue that caused the smaller fire he was called out to fix. But the Air Handler did not have an air proving switch. Thus, Mr. Carbone was wrong. However, the Court is persuaded by RHP and Plaintiff's counsels' arguments at the Hearing that it is unlikely the jury would find Mr. Carbone negligent following trial in this case, where most Air Handlers have an air proving switch, he was unfamiliar with this particular Air Handler, and he found something that looked like an air proving switch in the Air Handler that he thought he fixed—especially where, as here, Hussman's expert conceded the fire would not have occurred if the Air Handler had an air proving switch.

Further, Hussman's counsel clarified at the Hearing that Mr. Carbone's misdiagnosis of the issue with the Air Handler would also be the basis of any contribution or equitable indemnity claim it would bring against RHP if the Court denied the Motion and the jury later found Hussman liable to Plaintiff. Therefore, Hussman's potential contribution or equitable indemnity claim against RHP suffers from the same substantive weakness as Plaintiff's claim against RHP—that the evidence does not strongly suggest Mr. Carbone was negligent in misdiagnosing the issue with the Air Handler. In addition, assuming this case went to trial against both RHP and Hussman—and Hussman lost but RHP won on Plaintiff's negligence claim—RHP's trial win would effectively preclude Hussman from recovering anything from RHP in contribution or equitable indemnity because the jury would have found RHP not negligent.[2] Under those circumstances, it

---

[2]Hussman argues NRS § 17.245 does not apply to Plaintiff's breach of contract claim against RHP, and therefore—assuming the Court grants the Motion—would not prevent Hussman from seeking contribution or equitable indemnity from RHP if Plaintiff

4

would be virtually impossible for Hussman to recover from RHP based on Mr. Carbone's alleged negligence—when a jury verdict in the same case found he had not acted negligently. Thus, while $150,000 is not a large amount of money in the context of this case, it still reflects Plaintiff and RHP's good faith in settling because it is appropriate relative to RHP's minimal liability, and does not prejudice Hussman for the same reason. *See Otak*, 312 P.3d at 496-97.

Several other factors also weigh in favor of granting the Motion. First, the purpose of NRS § 17.245 is to encourage settlement. *See In Re MGM Grand Hotel Fire Litigation*, 570 F. Supp. at 926. Forcing RHP to go to trial under these circumstances is not in line with that statutory purpose. Second, the Court finds persuasive Plaintiff's explanation that it decided to settle with RHP because a mediator informed Plaintiff its case against RHP was weak. (ECF No. 362 at 4-5.) The fact that a third party evaluated Plaintiff's case against RHP and found it lacking at least slightly weighs in favor of granting the Motion. Third, the Court also finds reasonable RHP's counsel's explanation at the Hearing that it was motivated to settle for $150,000 even though it viewed its case as one of no liability because going to trial would likely be more expensive than settling, and settlement brings cost certainty for RHP. Fourth, Plaintiff and RHP's tactical considerations leading to their settlement here, even if they were designed to cut off Hussman's contribution and equitable indemnity rights—and nobody has suggested they are—do not compel a conclusion that their settlement was made in bad faith. *See Otak*, 312 P.3d at 497. Thus, both NRS § 17.245's preference for settlement, and the tactical considerations that apparently informed Plaintiff and RHP's decision to settle here, weigh in favor of granting the Motion.

///

///

---

prevailed at trial on its breach of contract, but not its negligence, claim against RHP at trial. (ECF No. 365 at 12, 13.) The Court is unpersuaded by this argument. *See Otak*, 312 P.3d at 500.

In sum, the Court will grant the Motion because the factors weighing in favor of finding Plaintiff and RHP settled in good faith under NRS § 17.245 outweigh the factors weighing against the Court making such a finding.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that RHP's motion for good faith settlement (ECF No. 355) is granted. The Court finds that Plaintiff and RHP's settlement is made in good faith, and such resolution discharges RHP from liability for contribution and equitable indemnity as to any other tortfeasor, including Hussmann, pursuant to NRS § 17.245.

It is further ordered that Plaintiff and RHP file dismissal documents within seven days.

It is further ordered that the part of Plaintiff's motions in limine directed against RHP—motion numbers 4-5—(ECF No. 329), and Plaintiff's motion for leave to file a reply to RHP's oppositions (ECF No. 353), are denied as moot.

DATED THIS 3rd day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE